GEORGE P. ROBERTS AND EVA V. ROBERTS, RESPONDENTS, v. THE C. R. REALTY COMPANY, INCORPORATED, APPELLANT.

Submitted January term, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Anthony Armore* (*Nicholas S. Schloeder*, of counsel).

For the respondents, *Gliedt & Wiencke.*

PER CURIAM.

This was an action in the District Court of Hudson county to recover a deposit of $500, made under an agreement for the purchase of real estate. The case was heard by the judge, sitting without a jury. There was a verdict for the plaintiffs, and the defendant appeals.

The specifications of error are that the court erroneously denied a motion for nonsuit, and that it erred in its finding against the defendant on the facts.

We think the motion for nonsuit should have been granted. From the state of the case it appears that there was a written contract calling for closing title on December 31st, 1927, at which time the vendor was to deliver a full covenant and warranty deed, free from all encumbrances, except a building and loan mortgage which the plaintiffs were to pay off or assume. Plaintiffs' proofs showed that they were ready to take title on the date of settlement, but that the defendant was unable to deliver a marketable title because of an open mortgage not yet due. The closing was postponed to enable defendant to clear up the title. In March, 1928, the plaintiffs became tired of waiting for the title defect to be cleared, notified defendant they would not take the property, and demanded the return of their deposit, which was refused.

It further appeared that the defendant did not tender a deed until after the suit was started April 26th, 1928; also that when the demand for the deposit was made the defective title had not been cleared up. It was in this state of the proofs that the motion for a nonsuit was made.

The defendant's proofs did not materially modify this state of facts.

A date for settlement having been fixed in the agreement without making such date of the essence of the contract, and such date being permitted to pass by the agreement of the parties, neither could put the other in default without notice and the affording of a reasonable time to the owner within which to perfect the title. The cases to this effect are many and clear; a late case on the subject is that of the *Orange*

*Society* v. *Konski*, 94 *N. J. Eq.* 632; *affirmed*, 95 *Id.* 254. Still a later authority to the same effect is *Nass* v. *Munzing*, 100 *Id.* 421. Time not having been made of the essence of the contract, either in the written agreement or by any specification of time by the plaintiffs giving reasonable opportunity to the defendant to clear up its title, the plaintiffs were not entitled to recover the deposit of $500.

The judgment is reversed.